**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 5:19CR50059-001** |
| | ) | |
| | ) | |
| **ROBERT MORRIS LEVY** | ) | |

**UNITED STATES' MOTION FOR UPWARD DEPARTURE PURSUANT TO U.S.S.G. §§ 5K2.1, 5K2.7 and 5K2.21 AND UPWARD VARIANCE FROM THE GUIDELINES PURSUANT TO FACTORS ENUMERATED IN 18 U.S.C. § 3553(a)**

The United States of America, through its undersigned counsel, files its motion for an upward departure from the United States Sentencing Commission Guidelines advisory guideline range, based on the grounds for departure set forth in U.S.S.G. §§ 5K2.1, 5K2.7 and 5K2.21, and an upward variance, based on the sentencing factors in 18 U.S.C. § 3553(a). As grounds, the Government states:

1. The Defendant's sentencing hearing is scheduled for January 21, 2021.

2. The final Presentence Investigation Report (PSR) (Doc. 57) correctly calculated an advisory sentencing guideline range of imprisonment for the Defendant's two offenses of conviction. (Doc. 57, ¶ 213). While the Government believes the United States Probation Office properly calculated the PSR's advisory sentencing guideline range of imprisonment, the Government contends that range does not adequately take into consideration circumstances of a kind or to a degree that are present in this case. The Government therefore requests the Defendant be sentenced pursuant to a traditional guideline departure in U.S.S.G. §§ 5K2.1, 5K2.7 and 5K2.21.

3. Should the Court decline to depart upward, the Government requests the Court vary upward from the advisory sentencing guideline range of imprisonment, in reliance upon the factors in 18 U.S.C. § 3553(a), because the range of imprisonment correctly calculated in the PSR fails to

adequately reflect the seriousness of the Defendant's offenses and will not promote respect for the law or provide just punishment for the offenses.

4. The arguments and authorities the Government relies on for an upward departure and upward variance are set forth in the Government's Sentencing Memorandum (Doc. 63) filed December 14, 2020.

Respectfully submitted,

David Clay Fowlkes
First Assistant United States Attorney

By: /s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney
Arkansas Bar No. 2000041
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Kyra.Jenner@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Kyra E. Jenner, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent via email to the following:

John C. Everett, attorney for Defendant, John@Everettfirm.com
Mark F. Hampton, attorney for Defendant, MarkFHampton@aol.com
Michael Darren O'Quinn, attorney for Defendant, Darren@Darrenoquinn.com
Rachel R. Roisen-Avant, Probation Officer, Rachel_Roisen@arwp.uscourts.gov

/s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney