IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA PLAINTIFF/RESPONDENT

VS. 5:19CR50059-001 TLB

ROBERT MORRIS LEVY DEFENDANT/MOVANT

REDACTED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Comes the Defendant/Movant, Robert Morris Levy, through his attorney, Jeff Rosenzweig, and for his Motion to Vacate Sentence Under 28 U.S.C. § 2255 states:

1. This motion is brought under authority of 28 U.S.C. § 2255. Levy asserts that his sentence is "otherwise subject to collateral attack." After affording Levy full access to discovery and a hearing, the Court should vacate the sentence and conduct a resentencing taking into account the evidence to be adduced therein.

2. Levy entered a plea of guilty to one count of mail fraud and one count of involuntary manslaughter and was sentenced to 20 years for fraud and eight years for manslaughter, running concurrently. He appealed the sentence. The Court of Appeals affirmed the judgment on December 1, 2021. United States v. Levy, 18 F.4th 1019, 2021 WL 5614925 (8th Cir. 12/1/21) The judgment became final upon the expiration of time to file a petition for certiorari 90 days later That was on March

1, 2022. This petition, being filed within one year of March 1, 2022, is timely.

CLAIM I

NEW DEVELOPMENTS, UNKNOWN TO THE LITIGANTS AT THE TIME OF SENTENCING, RENDER THE SENTENCE SUBSTANTIVELY UNREASONABLE.

3. In Levy's appeal, the Eighth Circuit found the sentence of 20 years to be not substantively unreasonable. However, since the sentencing in this matter, Levy has been exonerated by the Department of Veterans Affairs from malpractice allegations involving at least four patients who had filed claims for alleged malpractice by Levy. The four patients known to Levy are patients G. C.; D. D.; R. D.; and J. K..

4. This claim is cognizable under § 2255 because the new evidence renders the sentence "otherwise subject to collateral attack." With appropriate modification of the Rule 33 F.R.Crim.P test for new trial relief based on newly discovered evidence,[1] Levy submits:

(1) The evidence was in fact newly discovered since the sentencing. The Department had not acted on these matters at the time of the sentencing.

(2) Facts must be alleged from which the court may infer diligence on the part of the movant. In this case, because the rulings did not exist, no amount of diligence could have found them.

---

1 See, e.g. *Lindhorst v. United States*, 585 F.2d 361, n. 8 (8th Cir. 1978)

(3) The evidence relied upon must not be merely cumulative or impeaching. In this case, these developments place the substantive reasonability or unreasonability of the sentence in a different light more favorable to Levy.

(4) The evidence is material to the issues involved. he extent of any malpractice by Levy was crucial to the Court's determination of the sentence.

(5) The evidence must be of such nature that, on a resentencing, the newly discovered evidence would probably produce substantively lower sentence.

REQUEST FOR DISCOVERY AND HEARING

5. In order to pursue the motion properly, further discovery must be conducted. Levy will seek leave of court to conduct discovery under Rule 6 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

6. As of the filing of this motion, counsel is awaiting provision of copies of the documents regarding these four patients. The record will be supplemented with the documents, but the necessity to comply with the § 2255 deadline requires the filing of the motion at this time.

WHEREFORE, Levy prays that this Court permit discovery, conduct a hearing and after the hearing thereon, resentence him to a substantively reasonable lesser sentence.

ROBERT MORRIS LEVY

/s/ Jeff Rosenzweig

______________________________

JEFF ROSENZWEIG
Ark. Bar No. 77115
300 Spring St. Suite 310
Little Rock, AR 72201
(501) 372-5247
*Attorney for Robert Morris Levy*

(Verification Attached to Original Motion)