**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **CASE NO. 5:19-CR-50059**

**ROBERT MORRIS LEVY** **DEFENDANT**

# ORDER

Now before the Court is Defendant Robert Morris Levy's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 86). The Government filed a Response in Opposition to the Motion (Doc. 89). No hearing on the Motion is necessary.[1]

Defendant, a former pathologist employed by the Veterans Administration ("VA"), pleaded guilty to one count of mail fraud and one count of involuntary manslaughter and was sentenced on January 22, 2021, to a total term of imprisonment of 240 months. The Court's sentence was affirmed on direct appeal. *See* Doc. 84. Defendant's Motion argues that the Court should resentence him based on mitigating "new evidence" he only recently discovered. This "new evidence" concerns the VA's finding that Defendant did not commit malpractice with respect to four former patients identified by their initials as G.C., D.D., R.D., and J.K.

For years, Defendant performed his pathologist duties while intoxicated. Prior to his sentencing hearing, the VA performed a review of all 33,902 cases in which Defendant was the pathologist of record. (Doc. 74, ¶ 65). The Presentence Investigation Report

---

[1] "An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

("PSR") explained that in 589 cases, there were "major discrepancies . . . with potential for negative impact on patient care/treatment." *Id.* at ¶ 66. Of those 589 cases, 39 resulted in untimely deaths or such harm that the VA was forced to acknowledge to the patients and/or their families that Defendant had committed medical malpractice. *Id.* The VA found no major diagnostic discrepancies in the remaining 33,313 cases they surveyed.

The Court was well aware at the time of sentencing that Defendant did not commit malpractice in every case he was involved in at the VA. The four patients in the Motion did not suffer major diagnostic discrepancies, so they were not part of the 589 cases flagged for the Court. Dr. Margie A. Scott, who oversaw the VA's unprecedented case-by-case review of Defendant's performance, confirmed this fact. *See* Doc. 89-1. It is not surprising that these four patients were not named in the PSR, discussed by counsel, witnesses, or victims, or known to the Court at the time of sentencing. Why would they be? They were not Defendant's victims.

A defendant may challenge his sentence if: (1) it was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). None of these factors are present here. Instead, Defendant requests a new sentencing hearing to point out to the Court that at least four of his former patients were not misdiagnosed (or at least not badly misdiagnosed). Defendant maintains his guilt; he did not go to trial; he does not blame his counsel for poor performance; and his sentence

was deemed procedurally and substantively appropriate. Accordingly, he is not entitled to relief under § 2255.[2]

To the extent Defendant's Motion is more appropriately construed as a request for reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c), the Court has not identified any legal basis for such relief.

**IT IS THEREFORE ORDERED** that the Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 86) is **DENIED**.

**IT IS SO ORDERED** on this 31st day of March, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

[2] To the extent Defendant hoped to obtain discovery on the four patients in his Motion—and others who were not misdiagnosed—that request is denied due to lack of good cause. The Motion is obviously without merit.